DUCKER, JUDGE:
Claimant, Joe L. Smith, Jr., Inc. doing business as Biggs-Johnston-Withrow, alleges that the State of West Virginia, by negotiations with the Office of the Governor, is indebted to the claimant in the sum of $27,180.96 for work done by the claimant in the printing, binding and production of 2000 copies of “The State Papers and Public Addresses of Governor Hulett C. Smith” pursuant to and in accordance with a contract entered into on July 1, *53 1968 between the claimant and the Department of Finance and Administration and a subsequent work order dated May 15, 1969.
At the end of the 1968-69 fiscal year, the claimant pursuant to the request of the respondent submitted an invoice for the work done prior to June 30, 1969, in the amount of $14,255.96, which was not paid, apparently because there were not sufficient funds remaining in the budget item which provided for such expenditure. However, claimant continued into the next fiscal year the remaining work to be done on the contract, and upon the conclusion of the work submitted its bill for a total amount of $27,180.96, none of which has been paid.
The respondent admits that the contract entered into with claimant was let to the lowest bidder on a definite item printing basis and processed in the regular and legal manner, that the work was done without default and apparently done correctly and satisfactorily. The time period between the work order and the end of the fiscal year was too short for completion, and necessarily the work had to extend over into the next fiscal year. Respondent also admits that there was an item in the State Budget for the fiscal year 1968-1969 in the amount of $50,000 to cover “inauguration and printing expenses”, and that $37,881.00 of such item was expended for such or other purposes, leaving only $12,119.00 remaining for the debt due or to become due to the claimant as herein stated. Respondent suggests that the reason claimant’s first invoice was not paid was because the invoice could not be paid in its entirety but there is no evidence in the case as to actually why no part of that invoice was paid. However, it appears that there had been made a notation on the Requisition for Supplies dated March 7, 1969 attached to Work Order No. 39, that the cost of the work was estimated to be $15,000, reference to which is also shown on a note from the office of former Governor Hulett C. Smith to the office of the present Governor. There is not only a denial by claimant of having made any such estimate or any estimate of such cost, but also there is no evidence showing who made such an estimate, the claimant saying that because it had no knowledge in advance of what the contracts or the amount of work done it could not possibly have been able to make an estimate and that it could not be bound by what someone else may have done.
*54 The work of claimant was done in good faith as was a similar work done in connection with the papers and public addresses of former Governor, Cecil H. Underwood, and although a better plan of processing such a contract is now in force, the processing of this contract was done in the then existing procedure for such matters.
In view of all the facts, none of the essential ones being in dispute, there is in reality only one legal question involved, and that is whether the lack of sufficient funds at the end of the fiscal year justified the respondent in refusing to pay the debt and to consider the contract as not binding upon the State because when the State had spent for other purposes so much of the appropriated fund that it could not pay this debt.
The claimant had no control whatsoever or any knowledge as to the expenditure of the fund allocated. That was entirely an administrative matter. The fact that there was a budget item in the fiscal year budget for the payment of the contract work rendered the contract which had been properly processed a binding contract of the State, and the claimant had the right to rely upon such facts, it is inconceivable that the return to the general funds for the next fiscal year the unspent portion of the budgetary amount affects the question of legality or liability.
It was certainly without justification that the administration transferred to the general fund for the next fiscal year the unspent $12,119.00 remaining in the budget appropriation when the bill of the claimant for $14,255.96 for work done prior to June 30, 1968 remained unpaid. There certainly can be no question as to validity of that part of claim. Nor can we see any invalidity in the claim for the balance because there is a proper contract and budgetary provision for the payment of the whole claim.
We are of the opinion that the claimant had a legal contract with the State which it performed properly and timely, and that it is entitled morally and legally to payment, and, accordingly, we award the claimant the sum of $27,180.96.
Award of $27,180.96.